﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/20 Archive Date: 10/30/20

DOCKET NO. 200605-91786
DATE: October 30, 2020

REMANDED

Service connection for supraventricular arrhythmia is remanded.

REASONS FOR REMAND

The Veteran served on active duty from July1966 to July 1968.

This case is before the Board on appeal from a March 2020 Appeals Modernization Act (AMA) rating decision. In June 2020, the Veteran filed a timely notice of disagreement (VA Form 10182). He selected the Evidence Submission lane without a Board hearing. The 90-day evidence submission window has expired. 

One of the effects of the AMA is to narrow the set of circumstances in which the Board may remand appeals to the agency of original jurisdiction (AOJ) for further development. Nevertheless, even under the AMA, the Board still has the duty to remand issues when necessary to correct a pre-decisional duty-to-assist error.

In the March 2020 decision, the AOJ made the favorable finding that the Veteran was currently diagnosed with supraventricular arrhythmia. The Board is bound by this favorable finding. 38 C.F.R. § 3.104(c).

In February 2020 and March 2020 VA examination reports obtained prior to the March 2020 rating decision on appeal, the VA etiology opinion did not address whether supraventricular arrythmia is aggravated by service-connected renal disease with hypertension, to include coronary artery disease.

The matter is REMANDED for the following action:

Forward the Veteran’s claims file to a qualified physician (preferably a cardiologist) for an opinion regarding the nature and etiology of the Veteran’s supraventricular arrythmia. The examiner must determine whether it is at least as likely as not (i.e., probability of 50 percent or greater) that supraventricular arrythmia is aggravated by service-connected renal disease with hypertension, to include coronary artery disease. A rationale for the opinion must be provided. 

 

JOHN Z. JONES

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Hemphill

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.